Leslie **VAN VALKENBERG, administratrix, on behalf of herself and the minor child Carli Van Valkenberg; Shane Carew, Esq., guardian ad litem for the minor Carli Van Valkenberg; William Van Valkenberg, personal representative for the estate of decedent Carl Van Valkenberg. Plaintiffs,**

v.

**PUGET SOUND INFLATABLES, DATREX, INC. and C.M. Hammar, AB Defendants.**

**C.M. Hammar, AB and Datrex, Inc., Third–Party Plaintiffs.**

v.

**Evanick Corp., Third–Party Defendant.**

No. C01–0534R.

United States District Court, W.D. Washington.

Jan. 19, 2002.

Gordon C Webb, Bellevue, WA, John W Merriam, Seattle, WA, for Van Valkenberg, William Van Valkenberg, plaintiffs.

Shane Cornelius Carew, Carew Law Office, Seattle, WA, for Carli Van Valkenberg, plaintiff.

John Patrick Hayes, Forsberg & Umlauf, PS, Seattle, WA, Robert M Hacking, McDonough Hacking & Neumeier, Boston, MA, for Datrix Inc, CM Hammar AB, defendants.

RULING AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND CLARIFYING AVAILABLE LEGAL THEORY

ROTHSTEIN, District Judge.

Before the court is plaintiffs Van Valkenbergs' motion for partial summary judgment seeking a ruling from the court that the enhanced injury doctrine is applicable in this maritime wrongful death action. On April 25, 1998, decedent Carl Van Valkenberg's vessel, the F/V Evanick, capsized in Alaskan waters. Van Valkenberg and his crew perished. Defendants contend that it is unknown whether Van Valkenberg immediately drowned, was thrown overboard, or even escaped the capsizing. Plaintiffs, Van Valkenberg's family, attribute his death to a defect in the life raft manufactured by defendants and now seek a declaration that the enhanced injury doctrine is a valid theory of recovery under maritime law in this court.[1]

Notwithstanding plaintiffs' designation, the issue before the court is not appropriate for a motion for partial summary judgment. Rather, the court will consider this a request for a ruling permitting plaintiffs to pursue a legal theory that would allow them to recover should they be able to prove that a defect in the Evanick's life raft was a proximate cause of plaintiff Van Valkenberg's death. This legal theory is often referred to as the enhanced injury doctrine.

Plaintiffs were unable to find controlling authority on the applicability of the enhanced injury doctrine to this maritime

---

1. The enhanced injury doctrine is also known as the "crashworthiness" or "second collision" doctrine and allows a plaintiff to recover for enhanced injuries resulting from a defect even if the defect did not cause the underlying accident.

case, but offer *Rubin v. Brutus Corp.*, 487 So.2d 360 (Fla.App.1986), a Florida appellate case applying federal maritime law, as persuasive authority. *Rubin* provides as follows:

> General maritime law has usually adopted and followed the principles of general tort law, including products liability doctrines. *See generally,* 1 Norris, *The Law of Maritime Personal Injuries* § 175 et seq. (3d ed.1975). For this reason, it is necessary to look to general tort cases for guidance in determining whether the crashworthiness doctrine applies to pleasure boats.

*Id.,* at 362–63. The court looked to state products liability cases applying the doctrine and held that the crashworthiness doctrine applied to the maritime product liability case before it. *Id.* at 362.

 Despite plaintiffs' sparse support for their request that this court adopt a novel theory of recovery under maritime law, the court is persuaded that the enhanced injury doctrine is applicable under maritime law. A district court deciding a case under maritime law may refer to state law when there is no rule recognized by the general maritime law on an issue, and the matter does not require national uniformity. *See Bohemia Inc. v. Home Ins. Co.,* 725 F.2d 506, 510 (9th Cir.1984) (interpreting *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955)). Most courts that have addressed the issue under state law have recognized the enhanced injury doctrine as a viable theory of recovery. *See* Thomas Harris, *Enhanced Injury Theory; An Analytical Framework,* 62 N.C. L.Rev. 643, 644 (1984) (footnotes omitted). Courts applying Washington law are no exception. *See, e.g., Couch v. Mine Safety Appliances,* 107 Wash.2d 232, 242, 728 P.2d 585 (1986) ("[A] manufacturer may be found liable in negligence for design or manufacturing defects which

proximately cause enhanced injuries."). Because general maritime law provides no assistance on this issue, this court adopts the position expressed by Washington's highest court and recognizes the enhanced injury doctrine as a viable theory of recovery under maritime law.

Defendants appear to argue that the enhanced injury doctrine does not apply to this case, because the doctrine is only applicable to cases involving secondary impact that do not result in death. The enhanced injury doctrine is not that narrow. For example, the court in *Couch* instructed the jury as follows:

> A ... manufacturer is liable for injuries or harm proximately caused by its negligence or fault where the defective design was not a proximate cause of the injury-producing event, but, rather, was a proximate cause of the injuries or harm. In such cases, the manufacturer is liable for injuries or harm proximately caused by the defective design over and above the damages that would have occurred if its product had been reasonably safe.

*Id.* at 242–43, 728 P.2d 585. *Couch* is particularly analogous in that, as here, *Couch* involved a death that was allegedly caused by a defect in a safety device that did not cause the injury-producing event. *Id.* at 242, 728 P.2d 585. While the doctrine may have developed first in the context of automobile secondary impact injury cases, it is an evolving doctrine potentially applicable to a maritime injury.

 By ruling that the enhanced injury doctrine might conceivably be applicable in a maritime injury case, the court does not intend to imply that it would be appropriate in *this* case. Defendants raise serious questions as to whether or not plaintiffs will be able to present proof that Van Valkenberg's death was due to a defect in the life raft. The court is mindful of these

concerns, but this is not the proper motion for that argument.

The court DENIES plaintiff's motion for summary judgment but rules that the enhanced injury doctrine is a valid theory of recovery under maritime law.